**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LETICIA SANTOS-GARCIA,

    Petitioner,

v.                                       CASE NO. 8:12-cv-1730-T-30TGW
                                              CRIM. CASE NO. 8:10-cr-469-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

BEFORE THE COURT are petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1), and Motion for Appointment of Counsel (CV Dkt. 2). The Court has undertaken the review required by Rule 4, Rules on Motion Attacking Sentence Under Section 2255 (2011),[1] and finds, for reasons set forth below, that the § 2255 motion should not be served on Respondent until Petitioner has had an opportunity to cure deficiencies in the § 2255 motion which might otherwise prevent her from presenting all of her claims.

---

[1] Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record or prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

The § 2255 motion raises four grounds for relief (see CV Dkt. 1). The § 2255 motion, however, does not state the facts supporting each claim in sufficient detail.[2] Rule 2(b)(2), Rules on Motion Attacking Sentence Under Section 2255 (2011), states that the motion must "state the facts supporting each ground." The claims in the § 2255 motion, however, are both vague and conclusory. Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue. *See Hill v. Lockhart*, 474 U.S. 52 (1985) (general allegation of ineffective assistance of counsel is insufficient; petitioner must allege specific facts establishing both unreasonable-representation and prejudice prongs of ineffective assistance standard).

When, as in the instant case, the petitioner fails to set forth legally sufficient claims for relief because she omitted the factual support for her claims from the form, its usefulness is substantially diminished. The Court will only consider claims raised by petitioner in the § 2255 motion; it will not act as researcher/investigator on a scavenger hunt for claims on petitioner's behalf.

Accordingly, for the foregoing reasons, petitioner's § 2255 motion will be dismissed. Given petitioner's *pro se* status, however, the dismissal is without prejudice, and the Court will afford her an opportunity to amend her § 2255 motion. Petitioner is cautioned, however, that mere conclusions of law unsupported by any facts are insufficient to support a claim for

---

[2] Although Ground One does provide adequate detail, i.e., counsel was ineffective in failing to file a notice of appeal after petitioner asked him to do so, the claim is refuted by the record, as counsel did file a notice of appeal on petitioner's behalf (CR Dkt. 72).

federal habeas relief. It is the relationship of the facts to the claims asserted in the § 2255 motion that is important. To secure a hearing on her claims, petitioner must allege facts, which, if true, would entitle her to habeas relief. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc). The law does not require a federal habeas court to hear a claim based entirely on conclusory allegations wholly devoid of specifics. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc). Therefore, petitioner will be required to submit an amended rule §2255 motion on the enclosed court-approved form.

Petitioner is cautioned that all arguments she desires to present in support of the claims in her § 2255 motion ***must*** be presented in the amended motion as the amended motion will supersede the original motion. Petitioner is further cautioned that although the amended § 2255 motion will relate back to the earlier filed motion for purposes of timeliness, any new claims petitioner may attempt to assert in the amended motion may not relate back to her original § 2255 motion and may now be time-barred. Petitioner must set forth with specificity each of his claims for relief and a brief statement of the facts supporting each claim. Mere references to claims raised in documents filed in this proceeding or other proceedings will not suffice.

**Motion for Appointment of Counsel**

There is no automatic constitutional right to legal representation in federal habeas corpus proceedings. *See Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985). Appointment of counsel prior to an evidentiary hearing is necessary if the petitioner qualifies to have counsel appointed under 18 U.S.C. § 3006A. *See* Rule 8(c), Rules on Motion

3

Attacking Sentence Under Section 2255 (2011). Otherwise, appointment of counsel is only warranted when due process or the interests of justice require it. *McBride v. Sharp*, 25 F.3d 962, 971 (11th Cir. 1994); *Hooks*, 775 F.2d at 1438. Petitioner has not demonstrated that appointment of counsel is necessary at this stage of these proceedings.

In the event that the Court decides that an evidentiary hearing is required in this matter, it will notify petitioner of that decision, and an attorney will be appointed to represent her if she meets the criteria found at 18 U.S.C. § 3006(A). *See* Rule 8(c), Rules on Motion Attacking Sentence Under Section 2255 (2011).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's § 2255 motion (CV Dkt. 1) is **DISMISSED** without prejudice.

2. The **Clerk** shall transmit three copies of the form for use in § 2255 cases to petitioner.

3. Petitioner shall, within **TWENTY (20) DAYS** from the date of this order, file an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that complies with the instructions on the enclosed form. Petitioner must set forth with **specificity** each of his claims for relief **and** a brief statement of the facts which support the claim(s). Failure to comply with the terms of this order within the allotted time shall result in the automatic **dismissal** of this case **without further notice**.

4.  Petitioner's Motion for Appointment of Counsel (CV Dkt. 2) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on August 9, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Petitioner *pro se*
Counsel of Record