UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LETICIA SANTOS-GARCIA,

    Petitioner,

v.                                            CASE NO. 8:12-cv-1730-T-30TGW
                                            CRIM. CASE NO. 8:10-cr-469-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

BEFORE THE COURT is Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("motion") (CV Doc. 5), and the Government's response to the motion (CV Doc. 8). Although granted the opportunity to do so, Petitioner has not filed a reply to the response (See CV Doc. 6 at 3). Upon consideration, the court concludes that Petitioner's motion should be **DENIED**.

**Procedural Background**

Petitioner and her husband were charged by Indictment with conspiracy to distribute, and to possess with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A)(ii) (Count One) (CR Doc. 1). On February 28, 2011, Petitioner pleaded guilty to Count One (CR Docs. 40, 61, 71). Petitioner was sentenced to a total of sixty-three (63) months imprisonment to be followed by five years of

supervised release (CR Docs. 70, 71). Petitioner appealed her conviction and sentence. On March 27, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence (CR Docs. 98, 98-1).

The Government does not challenge the timeliness of Petitioner's motion. In the motion, Petitioner presents four claims of ineffective assistance of counsel:

> Ground One: Defense counsel failed to challenge the amount and purity of drug;
>
> Ground Two: Defense counsel failed to challenge the Defendant's "position" in the alleged "conspiracy" by requesting that the court order a "bill of particulars" F.R.C.P.(f)(7) from the government;
>
> Ground Three: Defense counsel failed to challenge the stated sentence, as he had miscalculated the Defendant's sentence by several years, when he advised her to plead guilty; and
>
> Ground Four: Defense counsel failed to inform the Defendant of her options to go to trial, and cross-examine her accusers.

## Standard of Review

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*., 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## Discussion

**Ground One**

Petitioner complains that trial counsel was ineffective in failing to oppose the drug amount and purity. This claim must be denied because it is vague, conclusory, and unsupported by facts. Vague, conclusory, speculative, or unsupported claims cannot support

3

an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551,1559 (11th Cir. 1991). Petitioner has not provided any evidence or argument in support of her implicit contention that the determination regarding the amount of the drugs was incorrect.[1] Consequently, Ground One warrants no relief.

**Ground Two**

Petitioner contends that counsel was ineffective in failing to challenge her position in the conspiracy "by requesting that the court order a 'Bill of Particulars' F.R.C.P. (f)(7) from the Government." (CV Doc. 5 at record p. 5). This claim is vague and unsupported by facts, and therefore insufficient to sustain an ineffective assistance of counsel claim. Petitioner has not provided any evidence or argument establishing a lesser role in the conspiracy, or what additional relevant information a bill of particulars would have furnished. Moreover, counsel challenged Petitioner's role in the conspiracy by arguing for a minimal-role reduction, and the Court awarded her a minor-role reduction (CR Doc. 82 at 7-13). Therefore, Petitioner has failed to show either deficient performance or prejudice. Accordingly, Ground Two does not warrant relief.

**Ground Three**

In Ground Three, Petitioner appears to contend that prior to entering her guilty plea, counsel was ineffective "as he had miscalculated the Defendant's sentence by several years. . . ." (CV Doc. 5 at docket p. 7). Initially, Petitioner's claim that counsel "miscalculated

---

[1]The Court notes that both parties agreed that the drug quantity was between 50 to 150 kilograms of cocaine (CR Doc. 82 at 5-6). Moreover, Petitioner fails to allege or show how the purity of the cocaine was relevant to her conviction or sentence.

4

[her] sentence" is vague, conclusory, and unsupported by facts.  Petitioner has not provided any evidence or argument as to how counsel advised her regarding the applicable guidelines range, or how long he estimated her sentence would be.  Moreover, even if counsel had estimated a lesser sentence, "[g]enerally, counsel's erroneous predictions or estimates do not rise to the level of deficient performance or render a plea involuntary."  *Krecht v. United States*, 846 F.Supp.2d 1268, 1281 (S.D. Fla. 2012).  *See also Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) ("misinformation from a defendant's attorney, such as an incorrect estimate of the offense severity rating, standing alone, does not constitute ineffective assistance of counsel"); *United States v. Sweeney*, 878 F.2d 68, 69, 70 (2nd Cir. 1989) (counsel's "erroneous estimate" of guideline sentencing range not ineffective assistance).  Finally, during the plea colloquy the Court informed Petitioner regarding the range of penalties, and Petitioner affirmed that noone had promised her anything in order to get her to plead guilty (CR Doc. 61 at pp. 17-24).

Petitioner has failed to demonstrate either deficient performance or prejudice.  Consequently, Ground Three does not warrant relief.

**Ground Four**

Petitioner contends that counsel was ineffective in failing to inform her that she had an option to go to trial and cross-examine her accusers.  Review of the plea colloquy confirms that the Court informed Petitioner in pertinent part that she had "a right to persist in your plea of not guilty and to have this case go to trial. . ." and that "if this case went to trial. . .the Government would call witnesses and your lawyer would have a right to cross-

examine, that is ask questions, of any witnesses called by the Government." (CR Doc. 61 at 13-14). Petitioner affirmed that she understood these rights (Id.). Therefore, prior to entering her guilty plea, Petitioner was fully informed that she had the right to proceed to a jury trial and confront her accusers. Consequently, under these circumstances, trial counsel's alleged failure to advise Petitioner of these constitutional rights did not result in any prejudice.

Moreover, in order to satisfy *Strickland*'s prejudice requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner has neither alleged nor shown that but for counsel's failure to advise her that she had a right to proceed to trial and confront her accusers, she would have insisted on going to trial.

Therefore, Petitioner is not entitled to relief on Ground Four.

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 5) is **DENIED**. The clerk is directed to enter judgment against Petitioner and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

IT IS FURTHER **ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal

a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

    **DONE** and **ORDERED** in Tampa, Florida on January 28, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u>:
*Pro Se* Petitioner
Counsel of Record